**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |  |
|---|---|---|
| ADBELRAHIM AYYAD, | : | |
| | : | CIV. ACTION NO. 19-17759(RMB) |
| Petitioner | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN DAVID ORTIZ, | : | |
| | : | |
| Respondent | : | |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner Abdelrahim Ayyad's petition for writ of habeas corpus under 28 U.S.C. § 2241. (Pet., ECF No. 1.) Petitioner is incarcerated in the Federal Correctional Institution in Fort Dix, New Jersey, serving a federal sentence. (Id., ¶4.) He brings this petition to challenge the Bureau of Prison's ("BOP") custody classification by imposition of a Public Safety Factor ("PSF"). (Id.)

I.  SCREENING UNDER RULE 4

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, applicable to § 2241 under Rule 1(b) scope of the rules, a district judge must promptly examine a petition, and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to

relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court lacks jurisdiction under § 2241.

II. THE PETITION

Petitioner alleges the BOP erroneously imposed a Public Safety Factor custody classification because Petitioner's crime of conviction did not involve the possession or use of a firearm. (Pet., ECF No. 1.) He seeks waiver of the PSF. (Id. at 7.)

III. DISCUSSION

28 U.S.C. § 2241(c)(3) provides:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
>
> . . .
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

To invoke jurisdiction under § 2241, a prisoner must challenge the execution of his sentence. Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012). To satisfy this requirement, a petitioner must allege that the BOP's conduct was inconsistent with a command or recommendation in the sentencing judgment. Cardona, 681 F.3d at 537. Challenges to custody classification, such as the designation of a public safety factor, do not affect the fact or length of incarceration and are not cognizable under § 2241. Hribick v. Warden Fort Dix FCI, 695 F. App'x 25, 25-26 (3d Cir. 2017); Briley

2

v. Attorney General United States, 632 F. App'x 84, 84-85 (3d Cir. 2016); Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010).

IV. CONCLUSION

For the reasons discussed above, this Court lack jurisdiction under 28 U.S.C. § 2241. Therefore, the Court will dismiss the petition.

An appropriate Order follows.


Date:   January 24, 2020          s/Renée Marie Bumb
                                  **RENÉE MARIE BUMB**
                                  **UNITED STATES DISTRICT JUDGE**